### BETSEY PERKINS *v.* MILAN H. PERKINS & a.

The mortgagee of land, with the mortgage conditioned for the support of
himself and his wife during their joint lives and the life of the sur-
vivor, is a trustee for that purpose, and on his death and condition of
the mortgage broken the court will appoint a trustee to appropriate
the land for the purposes of the trust.

BILL IN EQUITY, for the possession of land. Joseph Perkins, husband of the plaintiff, conveyed land to Abram, his son, and at the same time Abram reconveyed the premises to Joseph in mortgage, conditioned that the mortgagor and his heirs should support Joseph and his wife during their lives and the life of the survivor. Joseph died, the plaintiff surviving. Abram fulfilled the conditions until his death, he leaving heirs, some of whom supported the plaintiff until their death. The defendants, the only surviving heirs of Abram, have not performed the conditions of the mortgage. Decree for the plaintiff. The defendants excepted.

*Barton*, for the plaintiff.

*Wait*, for the defendants.

ALLEN, J. The mortgagee, Joseph Perkins, holding a security for his own benefit and the benefit of his wife, was a trustee of the fund constituting the security for the purposes declared, namely, his own support for life and the support of his wife.

For the complete execution of the trust, the court in a bill in equity will see that a trustee is not wanting. The mortgagee having died, and the fund not having been appropriated for the purpose declared, a trustee is appointed, and he is to be made a party in this bill. The trustee is empowered to appropriate the income of the land and so much of the principal as may be necessary for the support of the plaintiff, and to this end may make public or private sale of the land.

*Case discharged.*

SMITH, J., did not sit: the others concurred.